# UNITED STATES COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN WESSEL ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12 CV 00014-GPM-SCW |
| BLATT, HASENMILLER, LEIBSKER ) | |
| & MOORE, LLC ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC, by and through its undersigned counsel states its answers and affirmative defenses to the complaint of Plaintiff, Kevin Wessel, as follows:

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

ANSWER:   ADMIT.

## JURISDICTION AND VENUE

2. This Court jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

ANSWER:   Defendant ADMITS that jurisdiction is proper but DENIES any violation of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

ANSWER: Defendant ADMITS that venue is proper, that plaintiff resides in this district, and that Defendant transacts business in this district. Answering further, Defendant DENIES any acts or transactions occurred giving rise to a cause of action under 15 U.S.C. § 1692 *et seq.*

## PARTIES

4. Plaintiff, KEVIN WESSEL ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Clinton, and City of Carlyle.

ANSWER: ADMIT.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

ANSWER: After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 5.

6. Defendant, BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, ("Defendant") is a limited liability corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

ANSWER: Defendant ADMITS that it is a limited liability corporation. After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Defendant was engaged to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

ANSWER: ADMIT.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

ANSWER: ADMIT.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

ANSWER: After reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 9.

10. Defendant used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

ANSWER: ADMIT.

11. In connection with collection of an alleged debt in default, Defendant, itself and on behalf of Capital One Bank (USA), N.A. ("Capital One"), filed a Complaint against Plaintiff on December 27, 2010. (See copy of Complaint, attached hereto as Exhibit "A").

ANSWER: Defendant ADMITS that in connection with collection of a debt in default, Defendant, itself and on behalf of Captial One Bank (USA), N.A. ("Capital One"), filed a Complaint against Plaintiff on or about December 27, 2010. Defendant DENIES that the debt is an "alleged" debt.

12. Thereafter, on or about January 13, 2011, Defendant's agent and/or employee "Areseli" called Plaintiff, and at such time, Areseli failed to identify Defendant as a debt collector.

ANSWER: DENY.

13. Although Areseli failed to identify Defendant as a debt collector, Areseli identified Defendant as a law firm and gave Plaintiff the false impression she was an attorney.

ANSWER: DENY.

14. During the conversation on January 13, 2011, Areseli threatened that Plaintiff must agree to a payment plan because "the judge is going to rule in [Defendant's] favor," and Defendant would get Plaintiff's bank accounts, social security benefits, retirement and inheritance.

ANSWER:     DENY.

15. During the conversations on or about January 13, 2011, Defendant's agent and/or employee Areseli's language, tone and manner, had the natural consequence of being abusive towards Plaintiff.

ANSWER:     DENY.

16. On or about January 28, 2011, Defendant's agent and/or employee "Miranda Bradford" called Plaintiff, and during said conversation Miranda Bradford again threatened that the court would grant Defendant access to Plaintiff's bank accounts, social security benefits, retirement and inheritance.

ANSWER:     DENY.

17. On or about March 19, 2011, Plaintiff contacted Defendant regarding a letter Plaintiff had faxed to Defendant.

ANSWER:     ADMIT.

18. During the conversation on March 19, 2011, Plaintiff spoke to Defendant's agent and/or employee "Jimmy Guzman," and despite repeated requests to do so, Jimmy Guzman refused to answer questions about Plaintiff's account unless Plaintiff agreed to a payment plan.

ANSWER:     DENY.

19. During the conversation, Plaintiff repeatedly asked to speak to an attorney about his

pending lawsuit since Jimmy Guzman was unable to provide any answers; however, Jimmy Guzman refused to transfer the call to an attorney, demanding that Plaintiff retain an attorney to contact Defendant's attorneys.

ANSWER:     DENY.

20. When Jimmy Guzman again demanded Plaintiff set up a payment plan and Plaintiff refused, Defendant stated, "You just don't want to pay your damn bill, do you?"

ANSWER:     DENY.

## COUNT I

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

ANSWER:     Defendant repeats and re-alleges each and every response to the allegations contained in paragraphs 1 through 20.

22. Defendant violated 15 U.S.C. § 1692d(20 by using language, tone and manner, the natural consequence of which was to abuse Plaintiff in connection with collection of an alleged debt.

ANSWER:     DENY.

23. Defendant violated 15 U.S.C. § 1692d(2) by using obscene or profane language directed at Plaintiff on or about March 19, 2011, in connection with collection of an alleged debt.

ANSWER:     DENY.

## COUNT II

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

ANSWER:     Defendant repeats and re-alleges each and every response to the allegations contained in paragraph 1 through 20.

25. Defendant violated 15 U.S.C. § 1692e(4) by falsely representing (or implying) that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action.

ANSWER:     DENY.

## COUNT III

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

ANSWER:     Defendant repeats and re-alleges each and every response to the allegations contained in paragraph 1 through 20.

27. Defendant violated 15 U.S.C. § 1692e(10) by using false representation and deceptive practices, including, but not limited to, claiming that Plaintiff must set up a payment plan in order to avoid having bank account social security benefits, retirement and inheritance seized and by claiming Plaintiff was required to retain and attorney in order to speak to Defendant's attorney regarding the pending lawsuit, in connection with collection of an alleged debt from Plaintiff.

ANSWER:     DENY.

## COUNT IV

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

ANSWER:   Defendant repeats and re-alleges each and every response to the allegations contained in paragraph 1 through 20.

29. <u>Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during the collection contact on or about January 13, 2011, that the communication was from a debt collector</u>.

ANSWER:   DENY.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

ANSWER:   Defendant ADMITS that Plaintiff is entitled to and demands a trial by jury.

## FIRST AFFIRMATIVE DEFENSE

1.   As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint. Specifically, assuming the allegations in Plaintiff's Complaint to be true, which Defendant denies, Plaintiff failed to timely send a written cease and desist to Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.   As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, it acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that

7

the acts, conduct and communications, if any, were justified under the circumstances based on information reasonably available.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that its alleged actions were not accompanied by actual malice, intent or ill will. Defendant at no time harbored intent to harass, oppress, abuse, annoy, or harass Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that it violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was neither negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to it during the course of this litigation.

WHEREFORE, Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC prays that this Honorable Court enter judgment in its favor and against, Kevin Wessel, that Plaintiff take nothing, and that Plaintiff to be ordered to pay Defendant's reasonable attorneys' fees and costs.

DATED this 27th day of February, 2012.

        Respectfully Submitted,

        Blatt, Hasenmiller, Leibsker & Moore, LLC


        By: /s/ Nicole M. Strickler
        Nicole M. Strickler
        Attorney No. 6298459
        Messer & Stilp, Ltd.
        166 W. Washington St., Suite 300
        Chicago, IL 60602


## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2012, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

Alex Wesiberg
Alex D. Weisberg
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5722 S. Flamingo Rd, Ste.656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com


        By: /s/ Nicole M. Strickler
        Nicole M. Strickler
        Attorney No. 6298459
        Messer & Stilp, Ltd.
        166 W. Washington St., Suite 300
        Chicago, IL 60602
        312-334-3476
        312-334-3434 (fax)
        strickler@messerstilp.com